IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS GRILLAERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06 C 4814 |
| ) | |
| CAPGEMINI U.S. LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Douglas Grillaert ("Grillaert") has just filed this action against Capgemini U.S. LLC ("Capgemini"), seeking to invoke federal subject matter jurisdiction in diversity of citizenship terms. This memorandum order is issued sua sponte because the Complaint's jurisdictional allegations are flawed.

Complaint ¶4 properly identifies Grillaert's state of citizenship (here in Illinois). But all that Complaint ¶5 says as to Capgemini is this:

> Defendant, CAPGEMINI U.S. LLC, is a corporation organized under the laws of, and with its principal place of business in, the State of Delaware. Defendant maintains contacts in this District sufficient for personal jurisdiction.

Both our Court of Appeals and this Court have too often had to point out that the relevant citizenship for a limited liability company as a party is that of all of its members, so that its place of organization and its principal place of business are irrelevant (see, e.g., Belleville Catering Co. v. Champaign Marketplace, L.L.C., 350 F.3d 691, 692 (7th Cir.

2003)). None of that information required for confirming the existence (or demonstrating the nonexistence) of the necessary diversity has been provided, so that this action could well be dismissed for lack of subject matter jurisdiction because Grillaert has not carried its burden in that respect.

But because this Court has no desire to stick Grillaert with a second $350 filing fee by such a current dismissal (it remains to be seen whether one or more of Capgemini's members is also an Illinois citizen), Grillaert's counsel is ordered to file an appropriate Amended Complaint ¶5[1] on or before September 18, 2006. Failure to do so, or the filing of an amendment that reflects that total diversity is absent, would of course call for dismissal of both the Complaint and this action for lack of subject matter jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 8, 2006

---

[1] No reason appears why counsel should waste paper by filing a full-blown Amended Complaint.