IN THE UNITED STATES DISTRICT COURT
		FOR THE NORTHERN DISTRICT OF ILLINOIS
				EASTERN DIVISION

DOUGLAS GRILLAERT,            )
                              )
            Plaintiff,        )
                              )
    v.                        )    No. 06 C 4814
                              )
CAPGEMINI U.S. LLC,           )
                              )
            Defendant.        )

## MEMORANDUM ORDER

Capgemini U.S. LLC ("Capgemini") has filed its Answer, including affirmative defenses ("ADs"), to the First Amended Complaint ("FAC") brought against it by Douglas Grillaert. This memorandum order is issued sua sponte to strike that responsive pleading due to its noncompliance with several fundamental principles of federal pleading, but with leave of course being granted to Capgemini's counsel to cure those defects.[1]

To begin with, the response has not followed the mandate of this District Court's LR 10.1, which is most often complied with by repeating each allegation of a complaint in haec verba, followed by defendant's response. That Rule's obvious purpose is to enable the reader to see just which allegations are and which are not in dispute by resorting to a self-contained pleading,

---

[1] It is particularly troublesome to have been required to issue this opinion, because defense counsel practices in one of Chicago's (and the world's) largest megafirms. Less blame is to be ascribed to a brand-new practitioner such as the lawyer who signed onto the Answer than to the firm itself for having failed to provide the training and supervision needed to avoid such basic errors.

rather than having to flip back and forth between a separate complaint and a separate answer.

Second, Capgemini's counsel has mistakenly stated in Answer ¶¶2 and 3 that the corresponding FAC allegations need not be responded to because they state legal conclusions--in that respect, see App. ¶2 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Moreover, given the allegations in those two FAC paragraphs (which assert diversity of citizenship and venue in this judicial district), Capgemini and its counsel cannot really deny those allegations in the objective good faith that is required of every party and every lawyer under Fed. R. Civ. P. ("Rule") 11.

Next defense counsel persistently "refers the Court" to several documents for their "full and complete contents" (Answer ¶¶7, 8, 10, 11, 12, 17, 23 and 28), but without having provided this Court with the documents themselves--a singularly uninformative practice. Moreover, it appears that a number of the corresponding FAC allegations also cannot be denied in the requisite objective good faith, as for example where an allegation may be entirely accurate in referring to a particular provision of one of those documents.

Finally,[2] various of the ADs are problematic and also

---

[2] This order's use of "Finally" should not be mistaken for a determination by this Court that any unmentioned portions of the responsive pleading are error-free. This Court is not of

require defense counsel's return to the drawing board--in that respect counsel should become more familiar with Rule 8(c) and the relevant caselaw (see also App. ¶5 to State Farm). More particularly:

1. AD 1, which is framed as the equivalent of a Rule 12(b)(6) motion, is not a proper AD as such. More importantly, it is substantively wrong. It is stricken without leave to replead.

2. Boilerplate assertions such as those stated in ADs 2 through 5 are unacceptable--again see State Farm. They too are stricken, but if defense counsel believes that any of the assertions there are legitimate, those matters must be advanced by a promptly-filed motion with proper particularization and supporting authorities. Failing such a prompt submission, the contentions set out in those ADs will be waived (or more accurately forfeited).

3. AD 6 may or may not state a viable defense. Once again its consideration is conditioned on the prompt tendering of a properly supported motion that will enable this Court to address the question of law posed there.

In sum, the Answer and ADs are stricken in their entirety, to enable defense counsel to file a self-contained and proper

---

course in a position to know whether the host of denials contained in the Answer are or are not properly advanced.

responsive pleading on or before November 20, 2006. No charge is to be made to Capgemini by its counsel for the added work and expense incurred in correcting counsel's errors. Counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                    _____
                                    Milton I. Shadur
                                    Senior United States District Judge

Date: November 6, 2006